**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONALD GRANT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-02253-RWS |
| BAC HOME LOANS : | |
| SERVICING LP, f/k/a : | |
| COUNTRYWIDE HOME : | |
| LOANS, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's Petition for Preliminary and Permanent Injunction, Emergency Temporary Restraining Order (the "Complaint") (Defendant's "Motion to Dismiss") [5]; Defendant's Motion to Stay Discovery and Pretrial Deadlines [6]; Plaintiff's Petition for Preliminary and Permanent Injunction, Emergency Temporary Restraining Order ("Motion for Temporary Restraining Order") [2]; and, finally, Plaintiff's Objection to Removal and Motion to Remand Memorandum in Support Thereof, Motion for Leave to Add/Join Additional

Party ("Motion to Join Additional Party and Motion to Remand") [11].  After a review of the record, the Court enters the following Order.

**Background**

This case arises out of the foreclosure of Plaintiff Ronald Grant's home.  The Complaint [1] contains few factual allegations, but accepting them as true, the facts are as follows.

On August 6, 2007, Plaintiff executed a security deed in favor of Bank of America, N.A. (the "Lender") in connection with the purchase of his home, located at 4398 Tillage Path, Douglasville, Georgia 30135.  Compl., Dkt. [1] at 12-13 of 46.  Around April 2011, Plaintiff received notice that his mortgage loan had entered into default and that a foreclosure sale was scheduled for June 7, 2011.  Id. at 13 of 46.  That same notice also informed Plaintiff that his loan had been assigned to Defendant BAC Home Loans Servicing.  Id.

On June 7, 2011, Plaintiff filed the Complaint in the Superior Court of Douglas County, seeking a temporary restraining order and other forms of injunctive relief to prevent the foreclosure sale scheduled for that same day.  Id. at 14 of 46.  Although the Complaint is unclear, it appears that Plaintiff has alleged: (1) that no assignment of the security deed in favor of Defendant had been filed in Douglas County prior to the scheduled date of foreclosure, and (2)

2

that Defendant's failure to produce the original promissory note deprived it of authority to conduct a foreclosure sale of Plaintiff's home.  Id. at 13-14 of 46.

On July 8, 2011, Defendant timely removed the Complaint to this Court and filed its Motion to Stay Discovery and Pretrial Deadlines [6] and Motion to Dismiss [5] pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff did not file a response, and thus Defendant's Motion to Dismiss is deemed unopposed.  Because Plaintiff does not oppose Defendant's Motion, which identifies the claims listed above as the only ones raised in the Complaint, the Court proceeds on the basis that the above claims are indeed the only claims asserted in the Complaint.

On August 12, 2011, Plaintiff filed his Motion to Join Additional Party and Motion to Remand [11], seeking to add Defendant's foreclosure counsel, McCalla Raymer, LLC, and the Lender as party defendants.  Plaintiff moved to remand on the ground that adding the above parties would deprive this Court of diversity jurisdiction.  Mot. to Remand, Dkt. [11] at 1-3 of 7.  The Court considers Defendant's and Plaintiff's Motions in turn.

## Discussion

I.  **Defendant's Motion to Dismiss [5]**

   A.  Legal Standard

3

When considering a 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading

4

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.  Additionally, because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).  The Court considers, in turn, each of the claims raised in the Complaint.

    B.    Failure to File Assignment of Security Deed

First, Plaintiff alleges that Douglas County has no record of a security deed to Plaintiff's home being assigned to Defendant.  Compl., Dkt. [1] at 13 of 46.  Plaintiff argues that Defendant's attempt to foreclose without a recorded assignment of the security deed violates O.C.G.A. § 44-14-162(b), which sets forth filing requirements that must be satisfied prior to a foreclosure sale.  Id.  Defendant moves to dismiss on the basis that an assignment of the security deed in favor of Defendant was, in fact, recorded in Douglas County before the foreclosure sale occurred.  Mot. to Dismiss, Dkt. [5-1] 7-8 of 32.

5

> Section 44-14-162(b) provides:
>
> The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located.

O.C.G.A § 44-14-162(b) (2011).

After reviewing the assignment attached to Defendant's Motion to Dismiss,[1] the Court finds that Defendant did not violate § 44-14-162(b). The security deed to Plaintiff's property in favor of the Lender was filed with the Douglas County Superior Court Clerk on August 17, 2007. Compl. Ex. B, Dkt. [1] at 18 of 46. An assignment that transferred the Lender's "right, title and interest" in the security deed to Defendant was filed with the Douglas County Superior Court Clerk on June 6, 2011. Mot. to Dismiss Ex. B, Dkt. [5-1] at 31 of 32. Because the foreclosure sale was not scheduled to occur until the next day, Compl., Dkt. [1] at 13 of 46, the Court finds that both the security deed and the assignment were filed before the time of the foreclosure sale. Accordingly,

---

[1] The Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . . Public records are among the permissible facts that a district court may consider.") (citations omitted). The Court thus takes judicial notice of the assignment.

6

Plaintiff has failed to state a claim that Defendant violated O.C.G.A § 44-14-162(b).

    C.    Produce the Note

Second, Plaintiff alleges that Defendant must produce the original promissory note to prove that it has standing to conduct a foreclosure sale of Plaintiff's home.  Compl., Dkt. [1] at 14 of 46.  Plaintiff thus requests this Court to "compel production of the original mortgage Note."  Id.  Defendant moves to dismiss on the basis that Georgia law does not require a foreclosing party to prove its possession of the original promissory note.  Mot. to Dismiss, Dkt. [5-1] at 8-9 of 32.

The Court agrees that Plaintiff's "produce the note" theory is unavailing under Georgia law.  Georgia law does not require a lender to produce the original promissory note, even when the lender is taking affirmative action such as commencing foreclosure proceedings.  See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) ("[N]othing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note."); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory

7

note). Accordingly, any and all claims arising out of Defendant's alleged failure to produce the original promissory note fail as a matter of law.

In sum, the Court finds that Plaintiff has failed to state a claim for relief in his Complaint [1]. Accordingly, Defendant's Motion to Dismiss [5] is hereby **GRANTED**.

## II.     Defendant's Motion to Stay Discovery and Pretrial Deadlines [6]

In light of the Court's dismissal of Plaintiff's claims, Defendant's Motion to Stay Discovery and Pretrial Deadlines [6] is **DENIED as moot**.

## III.    Plaintiff's Motion for Temporary Restraining Order [2]

Plaintiff requests this Court to enter a preliminary injunction restraining Defendant from conducting a foreclosure sale of his home. Mot. for Temp. Restraining Order, Dkt. [2] at 14 of 46. A party seeking a preliminary injunction must establish:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). "A preliminary injunction is an extraordinary and

8

drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).

Because Plaintiff has failed to state any claim for relief in the Complaint, he is unable to show a substantial likelihood of success on the merits of any claim. Thus, Plaintiff's Motion for Temporary Restraining Order [2] is **DENIED**.

### IV. Plaintiff's Motion to Join Additional Party & Motion to Remand [11]

Plaintiff moves to join Defendant's foreclosure counsel, McCalla Raymer, LLC, and the Lender as additional defendants and to remand the case back to the Superior Court of Douglas County for lack of diversity jurisdiction. Mot. to Join Add'l Party, Dkt. [11] at 2-3, 5-6 of 7. Plaintiff does not seek to raise any new claims against either proposed party, but instead argues that "any and all claims" raised in the Complaint are actionable against both proposed defendants. Id. at 2, 5 of 7. In light of the Court's ruling in Part I, granting Defendant's Motion to Dismiss the Complaint, Plaintiff's Motion to Join Additional Party and Motion to Remand [11] is hereby **DENIED as moot**.

9

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Petition for Preliminary and Permanent Injunction, Emergency Temporary Restraining Order ("Motion to Dismiss") **[5]** is **GRANTED**.  Defendant's Motion to Stay Discovery and Pretrial Deadlines **[6]** is **DENIED as moot**.

Plaintiff's Petition for Preliminary and Permanent Injunction, Emergency Temporary Restraining Order ("Motion for Temporary Restraining Order") **[2]** is **DENIED**.  Plaintiff's Objection to Removal and Motion to Remand Memorandum in Support Thereof, Motion for Leave to Add/Join Additional Party ("Motion to Join Additional Party and Motion to Remand") **[11]** is **DENIED as moot**.  The Clerk is directed to close the case.

**SO ORDERED**, this  14th  day of March, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)